## WILMINGTON and KENNET TURNPIKE COMPANY *vs.* WILLIAM BOYD.

Inquisition against the Wilmington and Kennet Turnpike Company for not keeping the road in order.

Sufficient if it finds that the road between certain points is out of order, without stating in what particulars.

The justice may appoint the inquisitors in this proceeding.

CERTIORARI to Justice Macbeth.

Record. William Boyd *vs.* Wilmington and Kennet Turnpike Company. Proceeding under sec. 14 of the charter of this company (4 *Del. Laws,* 362) for neglecting to keep the road in good order and repair.

Complaint made in writing and on oath. Summons issued, May 3d, for freeholders, " Henry Du Pont, John Evans Young, and Dr. Allen McLane, to meet at the first toll-gate, on the Kennet Turnpike Road, on Thursday, 4th of May, at 10 o'clock, A. M., to examine said road from the said gate to the lane leading to Mrs. Dunnins, and from the blacksmith shop of one McCullough to the run beyond Waters'." Notice given to Jesse Hollingsworth, the keeper of the toll-gate nearest Wilmington on the Kennet turnpike. Inquisition taken, and found " the said road to be in bad order, and that the said road has been in bad order for fifteen days preceding our present finding; and we do condemn the said road within the limits aforesaid." Copy of the inquisition served on Jesse Hollingsworth by John Evans Young, on Saturday, May 6, 1837; and the magistrate stated on the record that he was not informed that there was any other toll gatherer on said road.

Exceptions. 1st, Because the inquisition does not show in what respects the road mentioned in said proceeding was out of order. 2d, Because it does not appear that a copy of the said inquisition was sent to *each* of the keepers of the turnpike gates between which the defective places are. 3d, Because the inquisition found the road to be in bad order without specifying in what particulars.

*Per Curiam.*—The fourteenth section of this company's charter is designed for the benefit of the public, and to compel the company to keep their road in good order and repair. This inquisition finds, in the words of the law, that the road between certain points is bad. This is sufficient—all that is required by law or by justice.

2d. It does appear that a copy of the inquisition was served on the keeper of one toll-gate. We know not how many there are, but

as to that keeper it is good. If there be others not notified, they might continue to take toll notwithstanding the inquisition.

3d. It may be proper to remark on another objection, though not taken in the exceptions, that in our opinion the justice is by law the proper person to select the freeholders who are to be inquisitors. It appears by the record that three judicious freeholders have been summoned, and we hold that to be sufficient. By analogy to all other proceedings by a justice of the peace and freeholders, the justice should select them, and there is nothing in this law to prohibit him.

Judgment affirmed.

*J. A. Bayard*, for plaintiff in error.
*Wales*, for defendant.